IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

In The Matter Of:                                    5:18-MJ-739 (DEP)

BRENT ALLEN ELISENS,

                                 A Material Witness.
_____

APPEARANCES:                              OF COUNSEL:

FOR THE GOVERNMENT:

HON. GRANT C. JAQUITH                RICHARD SOUTHWICK, ESQ.
United States Attorney                    Asst. U.S. Attorney
Northern District of New York
Federal Building & US Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

FOR THE DEFENDANT:

HON. LISA A. PEEBLES                  RANDI JUDA BIANCO, ESQ.
Federal Public Defender's Office       Asst. Federal Public Defender
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

     Brent Allen Elisens ("Elisens "), a material witness in a case pending

in the United States District Court for the Western District of Oklahoma,

was arrested in this district and brought before me pursuant to a warrant issued by a United States District Judge in Oklahoma. At Elisens' initial appearance, the Government requested that he be detained and transported in custody to Oklahoma. Elisens opposes that request, and additionally has demanded that a preliminary hearing be conducted in this district regarding the matter.

A hearing was conducted on December 13, 2018 to address the parties' requests. As is set forth below, the court concludes that Elisens should be detained and transported in custody to the Western District of Oklahoma to either testify at trial or provide a deposition concerning the pending criminal case. The court further finds that Elisens is entitled to a preliminary hearing, which will be scheduled by the court.

I.    BACKGROUND

A warrant for Elisens' arrest was issued on October 5, 2018 by United States District Judge Timothy DeGiusti, from the Western District of Oklahoma. *See* Dkt. No. 1. That warrant indicates that Elisens is a material witness in the matter of *United States v. Drake Varnell*, No. CR-17-239-D (W.D.Okl., filed 2018).

Upon his arrest, which occurred in this district, Elisens was brought before me on December 11, 2018 for an initial appearance, pursuant to 18

U.S.C. § 3144. After Elisens was informed of his rights concerning the matter, he admitted that he was the material witness named in the arrest warrant and waived his right to a hearing to determine that issue. At the initial appearance, the Government sought detention, and Elisens requested a preliminary hearing. The parties were heard with respect to both issues on December 13, 2018, at which time decision was reserved.

II.    DISCUSSION

    A.    Detention

        1.    Applicable Standard

"The duty to disclose knowledge of crime rests upon all citizens. It is so vital that one known to be innocent may be detained, in the absence of bail, as a material witness." *Stein v. People of State of New York*, 346 U.S. 156, 184 (1953), *overruled on other grounds by Jackson v. Denno*, 378 U.S. 368 (1964). As a means to that end, the federal material-witness statute authorizes a judge to order the arrest of a person whose testimony "is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena."[1] 18

---

[1]    Material witness statutes are also common among the states, including New York. *See, e.g.,* N.Y. Crim. Proc. Law §§ 620.10-50. The federal material-witness statute assumed its current form with the passage of the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, 3062.

U.S.C. § 3144; *see generally U.S. v. Awadallah*, 349 F.3d 42 (2d Cir. 2003); *U.S. v. Feingold*, 416 F. Supp. 627 (E.D.N.Y. 1976). Thus, the statute permits the arrest of a person whose testimony is needed in a criminal proceeding and who is likely to flee.[2]

Once a material witness is arrested, the federal statute requires that he or she be treated in accordance with the provisions of 18 U.S.C. § 3142, which in turn provides a number of procedural safeguards. 18 U.S.C. § 3144; *see United States v. Salerno*, 481 U.S. 739, 742 (1987). Among the rights guaranteed under section 3142 is the right to a detention hearing:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required . . . upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . a serious risk that such person will flee . . . .

18 U.S.C. § 3142(f)(2)(A). It follows that under sections 3142 and 3144, material witnesses are entitled to seek release from custody. *Ashcroft v. al-Kidd*, 563 U.S. 731, 733 (2011) ("[m]aterial witnesses enjoy the same

---

[2] The issuance of a section 3144 arrest warrant requires affidavits establishing probable cause to believe (1) that the witness can provide material evidence, and (2) that it will be "impracticable" to secure the attendance of the witness at the proceeding simply by subpoenaing him. *See generally Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971).

constitutional right to pretrial release as other federal detainees[.]");

*Awadallah*, 349 F.3d at 53*; In re Grand Jury Material Witness Detention*,

271 F. Supp. 2d 1266, 1269 (D. Ore. 2003) ("A common sense reading of

section 3144 requires the court to evaluate the material witness' risk of

flight, [and] likelihood that the person will appear . . . ."); *United States v.*

*Feingold*, 416 F. Supp. 627, 629 (E.D.N.Y. 1976) (observing that once a

material witness was taken into custody, he would be "entitled to present

additional information to the appropriate judicial officer to arrange suitable

conditions for his release[.]"); *see also Adams v. Hanson*, 656 F.3d 397,

406 (6th Cir. 2011) ("[W]e remain seriously troubled by the abrogation of

[the] procedural rights [of the material witness].").

        In determining whether any condition or combination of conditions

will adequately ensure the appearance of a material witness, by statute

the court must specifically consider whether a condition of release could

be the taking of the material witness's deposition in lieu of further

detention. *See U.S. v. Nai*, 949 F. Supp. 42, 45 (D. Mass. 1996) (citing 18

U.S.C § 3144) ("No material witness may be detained because of inability

to comply with any condition of release if the testimony of such witness

can adequately be secured by deposition, and if further detention is not

necessary to prevent a failure of justice."). In light of the very nature of the

status of a material witness, and because generally speaking a material witness is not charged with a crime, the focus of the analysis is upon the issue of risk of flight or non-appearance; danger to other persons or the community is not a valid consideration in the detention calculus. *See Awadallah*, 349 F.3d at 63 n.15; *see also* 1984 U.S.C.C.A.N. at 3209 ("Of course a material witness is not to be detained on the basis of dangerousness.").

        2.   <u>Analysis</u>

Focusing exclusively on risk of flight, I conclude that Elisens should be detained and transported in custody to Oklahoma as someone who is likely to flee and avoid testifying in the Oklahoma trial, if released, notwithstanding his representations in open court that he would cooperate. A review of Elisens' history, as set forth in a pretrial services report prepared by the United States Probation Office, highlights several reasons for concern regarding non-appearance. Elisens has minimal contacts with this district, having grown up in Norman, Oklahoma, and only recently moved here. During his adult life, Elisens has lived in various states bsides Oklahoma and New York at different times, including California, Arizona, Florida, Delaware, New Jersey, Virginia, and Iowa.

According to the pretrial services report, Elisens was arrested in May

2005 for escape of a felon and attempted escape, and was again arrested in June 2006 for voluntary absence (escape). Similarly, in September 2010, he was accused of eluding a police officer (two counts).[3]

Elisens' conduct when representatives of the United States Marshals Service attempted to serve the arrest warrant at issue in this case highlights the court's concerns, reflecting a similar pattern. According to the report of his arrest, which was received in evidence at the hearing, Elisens confronted representatives of the United States Marshals Service Regional Fugitive Task Force with a knife and then ran, leading them on a foot chase during which Elisens and officers rolled down a steep embankment and he actively resisted and refused to be voluntarily handcuffed, resulting in injury to at least one of the arresting officers.

Adding to the court's concern regarding non-appearance are the issuance of several bench warrants in connection with prior criminal proceedings against Elisens, including in September 2010 and October 2010. I note, moreover, that the court has been informed by the United States Marshals Service that there is an active warrant for Elisens' arrest

---

[3]     According to the pretrial services report, on that occasion Elisens attempted to evade a traffic stop by failing to pull over after the pursuing officer engaged emergency signals, and increased the speed of his vehicle. The report also notes that after Elisens was finally stopped, he provided officers with a false name.

out of the State of Florida for the crime of extortion. These factors together form yet another basis for the court to conclude that the government has proven, by a preponderance of the evidence, that if released Elisens is not likely to appear in the Western District of Oklahoma to testify.[4]

The court also has concerns regarding Elisens' mental health and the effect it may have on his willingness to voluntarily comply with a subpoena in this matter. According to the pretrial services report, Elisens has been hospitalized for mental health issues on at least four occasions in the past, and has been diagnosed as suffering from post-traumatic stress disorder, borderline personality disorder, social anxiety, and trichotillomania.[5]

It is true that Elisens' adoptive parents, who raised him, reside in Auburn, New York, within this district, and have submitted a letter to the court indicating that their willingness to have him return to live with them. It was noted in the pretrial services report, however, that Elisens' mother

---

4      Section 3144 does not address the question of burden of proof in a detention hearing involving a material witness. Under 18 U.S.C. § 3142, it is ordinarily the government's burden at a detention hearing to demonstrate risk of flight by a preponderance of the evidence. *U.S. v. Sabhani*, 493 F.3d 63, 75 (2d Cir. 2007). The court finds no basis to conclude that a different standard should apply in the case of a material witness under 18 U.S.C. § 3144.

5      According to the pretrial services report, trichotillomania is a disorder that involves recurrent and irresistible urges to pull out body hair.

8

stated to the United State Probation Officer who interviewed her that although Elisens can live her and her husband, if released, she has concerns because he does not want to testify in the Oklahoma criminal proceeding.

The court has considered, as it must under section 1344, the alternative of allowing Elisens to provide a deposition in the Oklahoma criminal proceeding. The determination of whether this is a satisfactory alternative to testifying at trial is one that should be made in the district where the underlying case is pending, rather that in this district, given this court's lack of familiarity with the matter.

Based upon the foregoing, the court concludes that Elisens should be detained and transported in custody to the Western District of Oklahoma for a determination of whether he should be detained until the trial in the underlying matter, or instead permitted to give a deposition to be used at trial.

B.    Preliminary Hearing

While it is apparent from a plain reading of 18 U.S.C. § 3144, as well as its incorporation by reference of 18 U.S.C. § 3142, that a material witness is entitled a detention hearing, the question of whether that witness is also entitled to a preliminary hearing pursuant to Rule 5.1 of the

Federal Rules of Criminal Procedure is a more difficult one, given a dearth of case law interpreting the requirements under 18 U.S.C. § 3144. Neither the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3144 provide any guidance as to whether material witnesses are entitled to a preliminary hearing.

Despite the lack of direct guidance, the Second Circuit has recognized that a person "held as a material witness" is "entitled to the [same] constitutional protections extended to other citizens[.]" *Padilla v. Rumsfeld*, 352 F.3d 695, 699 (2d Cir. 2003), *rev'd on other grounds by Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *see generally al-Kidd*, 563 U.S. at 735-36; *Simon v. City of York*, 893 F.3d 83, 93 (2d Cir. 2018) ("a person detained as a material witness enjoys any Fourth Amendment protection that is extended to criminal suspects"). This is because an individual "who is subjected to conditions that would constitute a seizure if she had been arrested for a crime is still seized even though [he or] she is not a criminal suspect[,] but a material witness." *Schneyder v. Smith*, 653 F.3d 313, 322 (3d Cir. 2011); *see* U.S. Const. amend. IV ( "[t]he right of *the people* to be secure . . . against unreasonable searches and seizures" (emphasis added)). That individual "has been arrested and deprived of liberty for precisely the same purpose as a pre-trial detainee in a criminal case: to

10

ensure that she shows up in court as required by the state." *Id*.; *see also Stone v. Holzberger*, 23 F.3d 408, 1994 WL 175420 (6th Cir. 1994) (table) (" a person arrested on suspicion of criminal activity is [not] entitled to more favorable treatment then a material witness arrestee who has committed no crime.").

As indicated, while there is no reported case law that interprets Rule 5.1 of the Federal Rules of Criminal Procedure in the context of 18 U.S.C. § 3144, an overabundance of caution would suggest that a right of a preliminary hearing should be afforded to Elisens, in light of the fact that material witnesses and pre-trial detainees are entitled to the same constitutional protections. *See al-Kidd*, 563 U.S. at 735-36; *Simon*, 893 F.3d 83, 93 (2018); *see generally Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (noting the need for "a neutral determination of probable cause" following an arrest). In addition, I note that several federal courts, in analyzing *state* material witness statutes, have indicated that such hearings are required by the Fourth Amendment.[6]  *See, e.g., Stone v.*

---

[6]     Understandably, there is some confusion regarding the standard to be applied at that probable cause hearing involving a material witness. *Compare Stone*, 1994 WL 175420, at *2 ("There is no doubt that it has been clear for some time that a person arrested for a crime must be brought before a neutral magistrate for a probable cause hearing."), *with Schneyder*, 653 F.3d at 322-24 ("probable cause is an inapposite concept for assessing whether the detention of a material witness was constitutionally reasonable," and instead applied a more general standard of "reasonableness" arising under the Fourth Amendment.).

*Holzberger*, 1994 WL 175420, at *3 (finding it clearly established "that five days was an impermissible time to incarcerate a material witness prior to a probable cause hearing"); *White v. Gerbitz*, 892 F.2d 457, 463 (6th Cir. 1989) (concluding that plaintiff had suffered no violation of § 1983 rights despite his 288-day detention as a material witness because, in part, probable cause had been shown for his detention); *Bacon*, 449 F.2d at 942 (determining that the arrest and detention of a material witness "must be based on probable cause.").

Inasmuch as I have concluded that Elisens is entitled to a preliminary hearing, and one has been requested, it will be scheduled within the statutory fourteen day period, measured from the point of his initial appearance before this court.

III.    SUMMARY AND ORDER

Based upon the foregoing, I conclude that Elisens should be detained and transported in custody to the Western District of Oklahoma, based upon the risk that he will not appear to testify in the underlying criminal proceeding.[7] I further conclude that, based upon Elisens' request,

---

[7]     There are several other requirements which must be met in light of Elisens' detention. First, the government must periodically report to the court on the continuing justification for him as a material witness. *See* Fed.R.Crim.P. 46(h)(2)("An attorney for the government must report biweekly to the court, listing each material witness held in custody for more than 10 days pending indictment, arraignment, or trial. For each

a preliminary hearing should be conducted by this court to determine whether there is probable cause to believe that the requirements of section 3144 have been met. Accordingly, it is hereby

ORDERED, as follows:

1) Elisens is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and for transport to the Western District of Oklahoma. While confined, Elisens shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the Elisens to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2) Elisens is entitled to a preliminary hearing which will be scheduled in consultation with counsel for the parties in this matter.

---

material witness listed in the report, an attorney for the government must state why the witness should not be released with or without a deposition being taken under Rule 15(a)."). Second, Elisens is entitled to the daily witness fees authorized for attendance at judicial proceedings while held in custody. 28 U.S.C. § 1821(d)(4). Upon his release, the court has the discretion to order that Elisens also be provided with transportation and subsistence to enable him to return to his place of arrest or residence. 18 U.S.C. § 4282.

David E. Peebles
U.S. Magistrate Judge

Dated:      December 13, 2018
            Syracuse, New York